# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL PARKER,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | No. 3:12-CV-00661 |
| ) | Judge Campbell/Brown |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**To: The Honorable Todd Campbell, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that the movant's motion for *habeas corpus* relief under 28 U.S.C. § 2255 (DE 1)[1] be **DENIED**, that respondent's motion to dismiss (DE 14) be **GRANTED**, and that a certificate of appealability (COA) **NOT ISSUE** as to any of the movant's claims.

## I. INTRODUCTION

The movant is a prisoner in the Manchester Federal Correctional Institution in Manchester, Kentucky. He brings this action to vacate, set aside, or correct his sentence under § 2255. The movant names the United States of America ("the government") as the respondent.

## II. BACKGROUND

The Grand Jury returned a two-count indictment against the movant on February 25, 2010: Count One – possession of not less than 5 grams of crack cocaine in violation of 21 USC § 841(a)(1); Count Two – possession of a firearm in the furtherance of a drug trafficking crime in

---

[1] References to docket entries in this § 2255 action use the following convention: (DE XX), where "XX" is the docket number. References to docket entries in the criminal action to which the instant action pertains, *i.e.*, case no. 3:10-CR-00043, use the following convention: (Crim. Doc. XX), where "XX" again refers to the docket number.

violation of 18 USC § 924(c)(1)(A) and 21 USC § 841(a)(1). (Crim. Doc. 1) A superseding information was filed on June 10, 2011 in which the weight of the drugs in Count One was eliminated. (Crim. Doc. 40)

A plea hearing was held on June 17, 2011 at which the district judge explained that the maximum sentence under Count One was twenty (20) years, and that the sentence under Count Two was not less than five (5) years nor more than life imprisonment to be run consecutive to any other term of imprisonment imposed. (Crim. Doc. 54, pp. 6-7) The movant pled guilty to the superseding information, and the district judge accepted the plea. (Crim. Doc. 54, pp. 14-15)

The government filed its sentencing position on July 28, 2011. (Crim. Doc. 47-48) The government recommended that the movant be sentenced to thirty-seven (37) months on Count One, and to fifty (50) months on Count Two, the sentences to be served consecutively, and three (3) years supervised release thereafter. (Crim. Doc. 47)

The movant was sentenced on October 3, 2011 (Crim. Doc. 49), and judgment entered that same day. (Crim. Doc. 50) The movant was sentenced to thirty-seven (37) months on Count One and sixty (60) months on Count Two, the sentences to be served consecutively. (Crim. Doc. 50) The movant did not appeal. (DE 1, ¶ 8, p. 1)

The movant sets forth the following claims in his motion: 1) ineffective assistance of counsel; 2) lack of jurisdiction to prosecute; 3) violations of his rights under the Fourth Amendment. (DE 1, pp. 2-4) The government filed a motion to dismiss on November 1, 2012 (DE 14), following which the movant filed a response on December 14, 2012 (DE 23). This matter was referred to the Magistrate Judge on December 17, 2012 to enter a Report and Recommendation (R&R). (DE 24)

# III. ANALYSIS

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Rule 4(b), Rules – Section 2255 Proceedings provides that the court shall consider the "motion, any attached exhibits, and the record of prior proceedings" in ruling on a motion filed under § 2255. The courts are required to construe *pro se* pleadings liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

An evidentiary hearing is required unless the record conclusively shows that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); Rule 8(a) Rules – Section 2255 Proceedings; *see also Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)(citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Magistrate Judge has reviewed all of the files, records, transcripts and correspondence underlying the movant's criminal conviction, as well as the pleadings, exhibits, and other legal documents filed in the instant action. For reasons explained below, an evidentiary hearing is not required.

## A. Movant's Constitutional Claims

The movant seeks relief under § 2255 alleging violations of his rights under the Fourth Amendment. The movant further alleges that, as a consequence of those violations, the district court did not have jurisdiction to try him.

As previously noted, *supra* at p. 2, the movant did not appeal his conviction. Review under § 2255 is improper if the issues raised in *habeas* are not first raised on direct appeal and are thus procedurally defaulted. *See Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). Because

the movant did not raise these claims on appeal, they are procedurally defaulted for purposes of *habeas* review. Procedural default may be excused it the movant can demonstrate either "cause" for failure to raise the claim on appeal and actual "prejudice," or that he "actually is innocent." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622 (1988).

Apart from noting that he did not pursue a direct appeal, the movant is silent on this point. The movant does not allege, nor can it be liberally construed from the record before the court, that defense counsel – or anyone else for that matter – advised against, or interfered in any way with, an appeal. Because the movant has failed to establish "cause" for not raising these claims on appeal, he cannot establish both parts of the two-part cause-and-prejudice requirements to excuse the default. The movant also does not argue, nor can it be liberally construed from the record, that he actually is innocent.

For the reasons explained above, the movant's constitutional claims should be denied as procedurally defaulted. A COA also should not issue as to these claims. *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002)(a district judge may rule on a COA at the time he rules on a *habeas* petition whether the movant has applied for one or not). Where a *habeas* claim is denied on procedural grounds without reaching the merits of the claim, a COA may issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable whether this procedural ruling is correct as to these claims.

4

## B. Movant's Ineffective Assistance Claim

The movant argues next that he received ineffective assistance of counsel because defense counsel did not file pre-trial motions to suppress evidence that allegedly would have shown that the circumstances of his arrest violated his rights under the Fourth Amendment, and that the district court did not have jurisdiction to try him.

To demonstrate ineffective assistance of counsel, the movant must show: 1) that "counsel's representation fell below an objective standard of reasonableness"; and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Campbell*, 686 F.3d at 357 (quoting *Srickland v. Washington*, 466 U.S. 668 (1984)). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell*, 686 F.3d at 357 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The movant has set forth sufficient factual allegations which, if taken as true, would at this stage of this *habeas* proceeding establish that defense counsel's representation was deficient. The remaining question is whether the movant has established that he was prejudiced because of that alleged deficient representation.

The movant states in his motion that defense counsel did not file any pretrial motions concerning the government's jurisdiction over him. (DE 1, p. 2) He also alleges that state law enforcement officers violated his rights under the Fourth Amendment, that they provided false information that led to federal charges, and that this false information was used to "convict" him in federal court. (DE 1, pp. 2-3) The remainder of the motion sets forth the alleged circumstances under which he was arrested. (DE 1, pp. 3-4) The movant does not mention whether, but for

defense counsel's alleged deficient representation, he would not have pled guilty and would have insisted on going to trial.

The movant provides the following in his response to the government's motion to dismiss. First, the movant addresses what he is required to establish in order to make a showing of ineffective assistance. (DE 23, pp. 2-3) Next, he alleges that defense counsel failed to: 1) challenge the constitutionality of the entry and search by state law enforcement officers that led to his arrest; 2) challenge whether the arresting officers had probable cause; 3) conduct an adequate investigation and to call witnesses to support the alleged violations of his Fourth Amendment rights. (DE 23, p. 3) Finally, the movant argues that his guilty plea was not entered knowingly and voluntarily, he recaps the alleged circumstances of his arrest, and reemphasizes defense counsel's alleged deficient representation. (DE 23, pp. 3-10) The movant once again does not mention whether, but for defense counsel's alleged deficient representation, he would not have pled guilty and would have insisted on going to trial.

The most basic requirement to establish prejudice in the context of a guilty plea is that the movant claim that, but for defense counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial instead. *See e.g., Hodges v. Colson*, 711 F.3d 589, 610 (6th Cir. 2013); *McKnight v. United States*, 1993 WL 393081 (6th Cir. (Ohio))(citing *Hill*, 474 U.S. at 59). Even a clearly self-serving statement to that end will suffice so long as it conveys the notion that he would have <u>insisted</u> on going to trial, or words to that effect. *Hodges*, 711 F.3d at 610. Merely quoting the law, *i.e.*, that a "reasonable probability" exists that he would not have pled guilty and would have insisted on going to trail is insufficient. *Id.* In *Hodges*, the following statement was deemed insufficient:

6

> Had trial counsel performed the above investigations and informed Petitioner of the result of those investigations, and had counsel timely communicated with Petitioner and given the above advice, a reasonable probability exists that Petitioner would not have pleaded guilty to all counts in the indictment, but rather, would have insisted on going to trial.

*Id*. In the case *sub judice*, the movant does not argue, nor can it be liberally construed from the movant's motion or response, that had defense counsel filed the pretrial motions at issue, he would not have pled guilty and would have <u>insisted</u> on going to trial. The less stringent standard for *pro se* plaintiffs does not permit the courts to conjure up unpled factual allegations or arguments where none exist. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

The movant has failed to show that defense counsel's alleged ineffective assistance constituted an error of constitutional magnitude, or that it had a substantial injurious effect or influence on the proceedings in the criminal case against him. Because the movant is not entitled to relief under § 2255 on his ineffective assistance claim, his ineffective assistance claim should be denied. A COA also should not be issued with respect to this claim. When, as here, a ground for relief is denied on the merits in a *habeas* action, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. For the reasons explained above, the movant has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists find that the determination with respect to the movant's ineffective assistance claim is debatable or wrong.

## IV. CONCLUSIONS

The movant's constitutional claims are procedurally defaulted, his ineffective assistance claim is without merit, he is not entitled to an evidentiary hearing, and a COA should not issue as to any of his claims.

## V. RECOMMENDATIONS

For the reasons explained above, the Magistrate Judge recommends that the movant's motion for *habeas corpus* relief under § 2255 (DE 1) be **DENIED**, that the government's motion to dismiss (DE 14) be **GRANTED**, and that a COA **NOT ISSUE** as to any of the movant's claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 United States 140, *reh'g denied*, 474 United States 1111 (1986).

**ENTERED** this the 10th day of May, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge